The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged contraction of an occupational disease, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Manpower Temporary Service was a self-insured employer.
In addition, the parties stipulated into evidence the following:
1. Form 22.
2. Packet of medical records and reports with an index.
3. An additional thirteen pages of medical records and reports.
An Order on Final Pretrial Conference dated September 8, 1995 was submitted by the parties and is incorporated by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On November 19, 1993 plaintiff began working for defendant, a temporary employee service. From that date until February 4, 1994, she had four job assignments. Her third assignment was to Elechmech, Inc. and she worked at that plant from December 29, 1993, through January 1, 1994. Her job there involved assembling windshield wiper motors. She worked at Elechmech for a total of 30 hours.
2. From January 2 through 17, 1994 plaintiff did not work in any capacity, but on January 18 she was assigned to work for Efson, Inc. as a machine operator. This job involved placing weights on a machine, covering them, operating the machine which would spin them, removing them from the machine, sometimes trimming them with a razor and then placing the weights into boxes. She worked in this capacity until February 4, 1994, a period of less than three weeks.
3. On February 4, 1994 plaintiff went to the emergency room with complaints of burning pain and numbness in her right hand which had occurred off and on for the previous week. She also indicated that she had had similar symptoms one or two months before that occasion. The emergency room physician referred her to Dr. Foster, an orthopedic surgeon, and he examined her on February 15, 1994. On that date she described numbness and pain in both hands which did not fit an anatomic pattern. Consequently, he advised her to continue using the splint and medication prescribed by the emergency room. Her symptoms persisted so he sent her to Dr. Torres, a neurologist, for nerve testing. The studies indicated that she had bilateral carpal tunnel syndrome. Consequently, Dr. Foster subsequently performed surgery to each of her hands to release the carpal tunnels.
4. Plaintiff has alleged that her bilateral carpal tunnel syndrome was an occupational disease. However, she did not establish that she was placed at an increased risk of developing carpal tunnel syndrome by virtue of her job activities with defendant as compared to the general public not so employed. Furthermore, she did not prove that there was a causal relationship between her job duties and her condition. Although Dr. Foster at one point opined that there was a causal relationship, his opinion was based upon the incorrect assumption that she had performed this work for two months. He was never advised of the actual work history and the fact that she had reported symptoms before working at either Elechmech or Efson.
5. Plaintiff has not proven that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has not proven that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed. G.S. § 97-53
(13); Booker v. Duke Medical Center, 297 N.C. 458 (1979).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her bilateral carpal tunnel syndrome. G.S. § 97-2 et seq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits is, and the same shall be, hereby DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
DCS:bjp